■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND WOOD, Appellant.—

Memorandum: By order of this court of July 14, 1969, made upon the motion of appellant, the Public Defender of Erie County was appointed to prosecute the appeal herein. Appellant now moves for various relief including that he be furnished with a transcript of the trial minutes; that he be permitted to read and approve the brief before it is submitted; and that, if necessarry, he be permitted to submit a supplemental brief. The application presents a basic fundamental issue, that is repeated with increasing frequency, in the prosecution of appeals by indigent defendants confined in penal institutions. Subdivision 2 of section 456 of the Code of Criminal Procedure authorizes this court, among others, to direct the clerk of the court in which the conviction was had to furnish a transcript of the stenographer's minutes " to the defendant or his counsel ". When counsel is assigned by this court it is the customary practice for him to obtain an order pursuant to this statutory provision and the trial minutes are delivered to him by the clerk. Such counsel is understandably reluctant to deliver to the appellant the filed copy of the transcript. We are equally reluctant to direct him to do so. We conclude that orderly procedure mandates that an indigent defendant should in the first instance decide whether he desires counsel or will prosecute his own appeal. If counsel is assigned and defendant, after reading the brief as prepared, desires to submit a supple-

mental brief, proper application should be made to this court. In such event, however, we will not direct assigned counsel to deliver to appellant the copy of the transcript.